UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| PABLO VALLEJO-MORENO, § | |
| § | |
| *Petitioner*, § | |
| § | Civil Action No. L – 07 – cv – 25 |
| VS. § | Criminal Case No. L – 04 – cr – 01537-1 |
| § | |
| UNITED STATES OF AMERICA, § | |
| § | |
| *Respondent*. § | |

## ORDER

Pending before the Court is Pablo Vallejo Moreno's Petition for a Writ of Habeas Corpus by a Person in Federal Custody Under 28 U.S.C. § 2255. [Dkt. No. 1].[1] Having duly considered the petition, supporting memorandum, and applicable law, the petition is DENIED.

**I.   BACKGROUND**

Petitioner is a national and citizen of Mexico.[2] On February 9, 1996, Petitioner was found guilty of Possession of Cocaine and Possession of Cannabis in Circuit Court, Hillsborough County Florida. PSR at ¶ 11. He was sentenced to three years probation for Possession of Cocaine and time served for Possession of Cannabis in case number 11970CFAW. *Id.* He was subsequently deported to Mexico on December 23, 1996. *Id.* On July 13, 2004, Petitioner attempted to enter the United States from Mexico, through Port of Entry I in Laredo, Texas. *Id.* at ¶ 4. After being unable to issue

---

[1] "Dkt. No." refers to the docket number entry for the Court's electronic filing system. The Court will cite to the docket number entries rather than the title of each filing. "Dkt. No." will be used to refer to filings in case number 5:07-cv-25. "Cr. Dkt. No." refers to the docket entries in criminal case number 5:04-cr-1537-1.

[2] Most of the relevant facts and Petitioner's criminal history are derived from the Presentence Investigation Report ("PSR").

1

proof of United States citizenship, immigration officers apprehended Petitioner. *Id.* A record check revealed that he had an extensive criminal history and that he was a prior criminal alien who had been last deported on August 7, 2002. *Id.*

On or about July 13, 2004, a grand jury charged Petitioner with a violation of 8 U.S.C. § 1326 and 6 U.S.C. §§ 202 and 557—illegal attempted reentry into the United States after having been denied admission, excluded, deported, and removed. [Cr. Dkt. No. 1]. On October 13, 2004, Magistrate Judge Adriana Arce-Flores presided over a rearraignment hearing where Petitioner entered a plea of guilty to the indictment. [Cr. Dkt. No. 9]; PSR at ¶ 2.

The guideline for Petitioner's violation of 8 U.S.C. § 1326(b)(2) is found in U.S.S.G. § 2L1.2 and calls for a base offense level of 8. According to the U.S. Sentencing Guidelines, if the defendant was previously deported after a conviction for an aggravated felony, the base offense level is increased by 8 levels. U.S.S.G. § 2L1.2(b)(1)(c). *See* PSR at ¶ 10. Thus, an additional 8 levels were added for his prior drug conviction, which was determined to be an aggravated felony. After deducting 3 levels for Acceptance of Responsibility, the total offense level was 13, which with a criminal history category of V, resulted in a sentencing range of 30-37 months in custody. PSR at ¶¶ 16, 17. The Court sentenced Petitioner on January 28, 2005 to 36 months in prison, with 4 additional months for violating the terms of his supervised release in case number L-04-CR-2542, for a total of 40 months in custody. [Cr. Dkt. No. 18]. The Court also sentenced Petitioner to a three-year term of supervised release and ordered him not to commit another crime, not to re-enter the United States illegally, and imposed a $100 special assessment. [*Id.*]

On January 28, 2005, Petitioner appealed his sentence to the Fifth Circuit Court of Appeals. [Cr. Dkt. No.19]. Judges Garza, Dennis, and Prado reviewed the District Court's judgment, which

they affirmed in part and dismissed in part for want of jurisdiction. [Cr. Dkt. No. 30]. Petitioner subsequently filed a petition for a writ of certiorari with the Supreme Court, which was denied on June 5, 2006. [Cr. Dkt. No. 32].

On March 2, 2007, Petitioner timely filed a *pro se* motion with this Court to vacate his sentence under 28 U.S.C. § 2255. [Dkt. No. 1]. Petitioner challenges the validity of the enhancement for his prior conviction, arguing that his guideline offense level was incorrectly raised by 8 levels. [Dkt. No. 3 at 1]. Petitioner argues that his prior drug possession conviction was not a drug-trafficking crime because it was merely possession and as such, was not an "aggravated felony" under U.S. Sentencing Guidelines Manual § 2L1.2(b)(1)(c). [Dkt. No. 1 at 7]. Petitioner also claims that he received ineffective assistance of counsel because his lawyer failed to object to and research his criminal history in violation of his Sixth Amendment right to counsel. [*Id*.]. Additionally, he claims that his conviction was obtained in violation of the Fifth Amendment because the Immigration and Naturalization Service ("INS") deported him in violation of his constitutional rights. [*Id*.]

Petitioner completed his sentence in custody and, according to the Bureau of Prisons website, was released from custody on June 7, 2007. *See* "Inmate Locator" function at www.bop.gov (last visited Oct.10, 2007). Petitioner was deported to Mexico on October 31, 2007.

## II.   DISCUSSION

This Court is unable to grant Petitioner's petition for a number of reasons. First, Petitioner is requesting a lesser sentence based on a newly calculated guideline range. Because his petition does not present a live controversy and fails to demonstrate collateral consequences, this Court cannot provide relief. Second, even if the Court found error in his conviction and sentence,

Petitioner would not be entitled to reduction or termination of his supervised release term as compensation for the time he served in prison. Third, Petitioner is basing his challenge on *Lopez v. Gonzalez*, 127 S. Ct. 625 (2006), a case that was decided after this Court's judgment of conviction became final. Because *Lopez* is not retroactively applicable to cases on collateral review, Petitioner is not entitled to the benefit of its holding. Fourth, Petitioner's ineffective assistance of counsel claim is without merit because he has not shown that his attorney's performance fell below an objective standard of reasonableness, or that he was prejudiced by the deficient performance, as required by *Strickland v. Washington*. Fifth, in his due process claim, Petitioner is challenging an unrelated removal proceeding that took place two and a half years before Petitioner was sentenced for the conviction at issue. As such, he is making an irrelevant, untimely, and moot claim. Finally, Federal Rule of Criminal Procedure 43 requires that in order to resentence a defendant, the defendant must be present and have the opportunity to allocute. Petitioner completed his term of imprisonment and has since been deported. Thus, he is not available for resentencing as required by the Federal Rules of Criminal Procedure. Each basis for denying Petitioner's claim will be addressed in turn.

### A. Petitioner's Claim does not Present a Live Controversy and Fails to Demonstrate the Collateral Consequences That He Would Suffer

Because Petitioner's sentence includes a three-year term of supervised release, the fact that he is no longer "in custody" does not automatically moot this petition. *See United States v. Camargo*, 119 F. App'x 670, 671 (5th Cir. 2005). Upon the expiration of a petitioner's term of imprisonment, the Court must consider whether his release caused his § 2255 petition to be moot because it no longer presents a case or controversy under Article III, § 2, of the Constitution. *See id.* at 671 (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). An incarcerated convict's challenge to

his conviction always satisfies the case-or-controversy requirement because the incarceration constitutes a concrete injury caused by the conviction and redressable by the conviction's invalidation. *Spencer*, 523 U.S. at 7. The case-or-controversy requirement demands that "some concrete and continuing injury, other than the now-ended incarceration or parole—some 'collateral consequence' of the conviction—must exist if the suit is to be maintained." *Spencer*, 523 U.S. at 7.

Petitioner completed his 40-month sentence in prison in June, 2007, and his three-year period of supervised release is currently in effect. By requesting a lesser sentence based on a newly calculated guideline range—one that does not construe his prior conviction for possession of a controlled substance as an aggravated felony, Petitioner is challenging his sentence rather than his conviction. [Dkt. No. 3, at 1]. The time that Petitioner has already served in prison is now over and cannot be undone. Subsistence of the suit requires that continuing "collateral consequences" be either proven or presumed. *Spencer*, 523 U.S. at 8. Because Petitioner is not attacking his conviction, this Court declines to presume that collateral consequences adequate to meet Article III's injury-in-fact requirement resulted from the time that he has already served in prison. In *Carafas v. LaVallee*, the Supreme Court permitted an individual to continue his challenge to a criminal conviction only after identifying specific, concrete collateral consequences that attached to the conviction as a matter of law. 391 U.S. 234, 237 (1968). The question remains, then, whether Petitioner has demonstrated such consequences. In his motion, Petitioner fails to mention, much less prove, the collateral consequences that he will suffer. As such, this Court finds that Petitioner's asserted injuries-in-fact do not establish collateral consequences sufficient to state an Article III case or controversy. Therefore, while Petitioner's motion is not automatically mooted by virtue of his

release, because his petition does not present a live controversy and fails to demonstrate collateral consequences, this Court is unable to grant relief.

### B. The Court is Not Required to Discharge Petitioner from Supervised Release

Even if the Court had the power to impose a lower sentence on Petitioner, the time that he has already served in prison cannot be used as a credit to reduce or terminate his term of supervised release, which is the only portion of his sentence not yet completed. In *United States v. Jeanes*, the district court granted the defendant's § 2255 petition, vacating his judgment and sentence. 150 F.3d 483, 484 (5th Cir. 1998). The defendant then filed a motion for post-sentence modification of his term of supervised release, arguing that the court should apply his good-time credits and time served to his supervised release term. *Id.* The court denied the motion. *Id.* The defendant subsequently appealed to the Fifth Circuit, which addressed the question whether the district court had erred in refusing to reduce the defendant's term of supervised release. *Id.* Under 18 U.S.C. § 3583, a district court may terminate a term of supervised release at any time after the defendant has served one year of supervised release. *Jeanes*, 150 F.3d at 484. However, the court must take into account a variety of considerations and after doing so, the court may discharge the defendant from supervised release "if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." *Id.* (citing § 3583(e)(1)).

After reviewing defendant's appeal, the Fifth Circuit affirmed the district court's decision and denied his request to modify his term of supervised release. The court stated that "incarceration and supervised release are not fungible" and are designed to serve very different purposes. *Id.* at 485 (citing *United States v. Joseph*, 109 F.3d 34, 38 (1st Cir. 1997)). According to the court, "incarceration does nothing to assist a defendant's transition back into society and is not a reasonable

substitute for a portion of the supervised release term." *Id.* Supervised release, on the other hand, serves to facilitate "the integration of the violator into the community, while providing the supervision designed to limit further criminal conduct." *Id.* Substituting wrongful incarceration time for the term of supervised release affects the public by eliminating the defendant's transition period. *See id.* As stated above, because Petitioner has been released, this Court cannot provide relief. Petitioner must still serve a period of three years of supervised release on his sentence, but like the court in *Jeanes*, this Court will not "invent some form of 'automatic credit' as a means of compensation," *id.*, even if his § 2255 petition is meritorious.

### C. *Lopez v. Gonzalez* Is Not Retroactively Applicable to Petitioner's Case

Petitioner relies on *Lopez v. Gonzalez* to argue that his drug possession conviction was erroneously construed as an aggravated felony. [Crim. Dkt. No. 34]. In *Lopez*, the Supreme Court considered "whether conduct made a felony under state law but a misdemeanor under the Controlled Substances Act is a 'felony punishable under the Controlled Substances Act.'" *Lopez,* 127 S. Ct. at 627 (citing 18 U.S.C. § 924(c)(2)). The Court held that a state felony conviction for simple possession of a controlled substance that was not punishable as a felony under the federal Controlled Substances Act ("CSA") was not a "drug trafficking crime" under 18 U.S.C. § 924(c) and hence not an "aggravated felony" under 8 U.S.C. § 1101(a)(43)(B). 127 S. Ct. at 629-33 (2006).

In *Lopez*, defendant, an illegal alien, pleaded guilty in South Dakota to charges of aiding and abetting another person's possession of cocaine. *Id.* at 628. After his release from prison, the INS began removal proceedings against him. *Id.* One of the bases for the removal proceedings was the contention that Lopez's state conviction was for an aggravated felony. *Id.* Under immigration law, if Lopez's drug offense was an "aggravated felony," then he would be disqualified from discretionary

cancellation of removal. *Id.* Although the conduct underlying Lopez's conviction was a felony under South Dakota law, it was a misdemeanor under the CSA. Lopez argued that because the offense was not a felony under the CSA, it was not an aggravated felony for purposes of his eligibility for discretionary cancellation of removal. *Id.* The Immigration Judge relied on the Eighth Circuit Court of Appeals' finding that state felony possession offenses constitute aggravated felonies and held that because Lopez's drug crime was a felony under state law, it was an aggravated felony for purposes of immigration law. *Id.* (citing, *inter alia*, *United States v. Briones-Mata*, 116 F.3d 308 (8th Cir. 1997) (*per curiam*)). The Supreme Court reversed the judgment and found that because Lopez's state offense was punishable as a misdemeanor under federal law, rather than as a felony, the offense could not be treated as a "felony punishable under the [CSA]." *Id.* at 633.

Petitioner relies on *Lopez* in arguing that the Court erred when it increased the base offense level by 8 levels on the basis that his prior Florida drug possession conviction was an aggravated felony. [Cr. Dkt. No. 34, at 2-3]. Petitioner states that "the Supreme Court recently made it clear that because such mere possession is not a felony offense under the Federal [CSA], it is not a drug-trafficking crime or an aggravated felony under the controlling definitions set forth in guideline § 2L1.2, 8 U.S.C. § 1101(2)(43) and 18 U.S.C. § 924(c)." [*Id.* at 3].

However, *Lopez* does not apply to Petitioner's case because *Lopez* is not retroactively applicable on collateral review. In *Teague v. Lane*, 489 U.S. 299 (1989), a plurality of the Supreme Court adopted a new approach to the retroactive application in habeas corpus proceedings of newly announced legal rules. The *Teague* court addressed the issue of whether a prisoner is precluded from

8

enforcing a "new rule" of law[3] in federal habeas corpus proceedings if the new rule was announced after the petitioner's conviction became "final." *Id.* at 305.  The Court held that generally, new rules made by the Court do not apply retroactively to cases on collateral review unless one of two exceptions applies.  *Id.*  First, a new rule should apply retroactively if it "places certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe."  *Id.*  Second, a new rule should be applied retroactively if the rule requires observance of "those procedures that . . . are implicit in the concept of ordered liberty."  *Id.*  However, the Court stated that the second exception should only apply to watershed rules of criminal procedure.  *Id.*

In order to qualify as "watershed," a new rule must (1) be necessary to prevent "an impermissibly large risk" of an inaccurate conviction; and (2) "alter our understanding of the bedrock procedural elements essential to the fairness of a proceeding."  *Id.*  The only case that the Supreme Court has identified as qualifying under the watershed exception is *Gideon v. Wainwright*, 372 U.S. 335, 344-45 (1963), in which the Court held that counsel must be appointed for any indigent defendant charged with a felony because when a defendant who wishes to be represented by counsel is denied representation, the risk of an unreliable verdict is intolerably high.  *See Storeby v. United States*, No. 07-882, 2007 U.S. Dist. LEXIS 39494, at *6 (M.D. Fla. May 31, 2207).  The *Gideon* rule effected a profound and sweeping change, and undoubtedly qualifies as a rule that altered "the bedrock procedural elements essential to the fairness of a proceeding."  *Beard v. Banks*, 542 U.S. 406, 418 (2004).

---

[4]A new rule, the *Teague* Court explained, is one that "breaks new ground or imposes a new obligation on the states or the federal government."  *Id.* at 301.  In other words, it is one that was not "dictated by precedent existing at the time the defendant's conviction became final."  *Id.*

The rule announced in *Lopez*, while certainly important, involved only statutory interpretation, and in no way approaches the primacy or centrality of the *Gideon* rule. Furthermore, it does not qualify as a rule that "altered our understanding of the bedrock procedural elements essential to the fairness of a proceeding." Thus, because *Lopez* cannot be construed as a watershed rule of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding, it cannot be applied retroactively. As such, while *Lopez* could have potentially impacted the guideline range under which Petitioner was sentenced, because *Lopez* cannot be applied retroactively to cases on collateral review, Petitioner is not entitled to the relief he seeks.

### D.     Ineffective Assistance of Counsel

During his guilty plea and sentencing proceedings, Petitioner was represented by David J. Lopez, an Assistant Federal Public Defender. Petitioner alleges that Mr. Lopez gave him ineffective assistance by failing to object to and research his prior state conviction. [Dkt. No. 1, at 7]. To demonstrate constitutionally ineffective assistance, Petitioner must show that (1) counsel's performance "fell below an objective standard of reasonableness," and (2) he was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 688, 692 (1984). In judging an attorney's conduct, a court should view counsel's performance with great deference, engaging in a strong presumption that counsel rendered adequate assistance and "made all significant decisions in the exercise of reasonable professional judgment." *Id.* at 689-90.

Petitioner's claim of ineffective assistance of counsel is unavailing. Specifically, Petitioner argues that his attorney failed to object to and research his criminal history in violation of his Sixth Amendment right to counsel. [Dkt. No. 1, at 7]. This challenge is meritless because it is clear from the Response and Objections to the Pre-Sentence Report that Petitioner's attorney objected to

paragraph 11 of the PSR, which sets out the eight-level base offense increase pursuant to U.S.S.G. § 2L1.2(b)(1)(C). Thus, because his attorney did in fact object to the enhancement, Petitioner has failed to show how his counsel's performance "fell below an objective standard of reasonableness" or how in doing so, his performance was in any way deficient.

Petitioner also fails to demonstrate how his attorney failed to investigate his criminal history. "[C]ounsel has a duty to make reasonable investigations or to make a reasonable decision that makes particular investigations unnecessary." *Strickland*, 466 U.S. at 691. The PSR contains a summary of Petitioner's extensive criminal history. *See* PSR, Part B. While Petitioner is challenging the manner in which the Court characterized the severity of his prior drug offense, he does not show what his counsel's additional investigation would have revealed that is not in the PSR. Petitioner is not arguing that his drug offense was improperly included in the PSR—in fact, he pleaded guilty to it—but rather that its allegedly erroneous characterization resulted in an unwarranted enhancement. Because he fails to point out anything else that his attorney would have revealed through a reasonable investigation, Petitioner's claim is meritless.

### E.     Due Process Claim

Finally, Petitioner argues that his conviction "was obtained in violation of 5th Amendment, due to the fact that he was deported by INS in violation of his constitutional rights." [Dkt. No. 1, at 7]. Essentially, Petitioner claims that his attorney should have collaterally challenged the validity of his deportation on August 7, 2002, again on the theory that his prior conviction did not constitute an "aggravated felony." [*See Id.*]. Petitioner's current § 2255 petition was timely filed to challenge his most recent sentence for attempted illegal re-entry into the United States, which this Court imposed on January 28, 2005. [Cr. Dkt. No. 18]. Thus, Petitioner cannot use his pending motion

as a vehicle to challenge an unrelated conviction which occurred two and a half years before the conviction now at issue. Such a challenge is irrelevant, untimely, and moot.

### F. Petitioner Is Not Available For Resentencing Under The Federal Rules of Criminal Procedure

Even if this Court found Petitioner's claims to be meritorious and was able to resentence him to a lower sentence, his petition is moot because he would be unable to appear in court for a sentencing hearing. Federal Rule of Criminal Procedure 43 requires that in order to resentence the defendant to correct any error in the defendant's term of supervised release, defendant must be present and have the opportunity to allocute. Petitioner completed his term of imprisonment and has since been deported. Thus, he is legally unable, without the permission of the Attorney General, to reenter the United States to be present for a resentencing proceeding as required by Rule 43. Thus, this Court is unable to grant Petitioner relief.

## III. CONCLUSION

For the aforementioned reasons, Petitioner is not entitled to the relief he seeks and as such, his motion pursuant to § 2255 is DISMISSED. Further, should Petitioner seek a certificate of appealability, the same is DENIED. The Court will issue a final judgment under separate cover.

IT IS SO ORDERED.

Signed this 8th day of January, 2008, in Laredo, Tx.

_____
Micaela Alvarez
UNITED STATES DISTRICT JUDGE

**TO INSURE PROPER NOTICE, EACH PARTY WHO RECEIVES THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH THEY MAY HAVE BEEN SENT ONE BY THE COURT.**